IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD PAYNE,                               :
                                            :
            Petitioner,                     :
                                            :
        v.                                  :   Civ. Act. No. 14-1454-LPS
                                            :
DANA METZGER, Warden, and                   :
ATTORNEY GENERAL OF THE                     :
STATE OF DELAWARE,                          :
                                            :
            Respondents.[1]                 :

---

Ronald Payne. *Pro Se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

March 19, 2018
Wilmington, Delaware

---

[1]Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Petitioner Ronald Payne ("Petitioner"). (D.I. 3) The State has filed an Answer in Opposition. (D.I. 11) For the reasons discussed, the Court will dismiss the Petition as time-barred under by the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

In January 1988, Petitioner was indicted on two counts of assault in a detention facility and one count of possession of a deadly weapon during the commission of a felony ("PDWDCF"). *See Payne v. State*, 82 A.3d 730 (Table), 2013 WL 6411598, at *1 (Del. Dec. 6, 2013). Petitioner's jury trial started in May 1988, but the Delaware Superior Court declared a mistrial on May 4, 1988 after the jury failed to reach a verdict. *Id.* at *1. Following a re-trial in November 1988, a Delaware Superior Court jury found Petitioner guilty of one count of assault in a detention facility and one count of PDWDCF. He was sentenced as a habitual offender to life in prison with the possibility of parole. *Id.* The Delaware Supreme Court affirmed that decision. *See Payne v. State*, 577 A.2d 754 (Table), 1990 WL 84673 (Del. May 29, 1990).

Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on May 25, 1993. The Superior Court denied the motion on December 1, 1993, and the Delaware Supreme Court affirmed that decision on March 9, 1994. *See Payne v. State*, 640 A.2d 655 (Table), 1994 WL 91244 (Del. Mar. 9, 1994).

On August 6, 1997, the Board of Parole denied Petitioner's application for parole, and made him eligible to re-apply after August 2003. (D.I. 11 at 2) Petitioner has not re-applied for parole. (D.I. 11 at 2 n.3)

Petitioner filed his second Rule 61 motion on March 7, 2001. The Superior Court denied the motion, and he did not appeal that decision. *See State v. Payne*, 2001 WL 755347 (Del. Super. Ct. June 29, 2001); D.I. 11 at 2. Petitioner filed his third Rule 61 motion on March 22, 2013, which the Superior Court denied on April 23, 2013. *See State v. Payne*, Case No. 880000107DI, Order, Streett, J. (Del. Super Ct. Apr. 23, 2013). The Delaware Supreme Court affirmed that decision on December 6, 2013. *See Payne*, 2013 WL 6411598, at *2 (Del. Dec. 6, 2013).

The instant Petition is dated November 2014, and asserts two grounds for relief: (1) defense counsel provided ineffective assistance by failing to argue that the State engaged in prosecutorial misconduct by improperly altering Counts One and Three of the indictment and also by failing to demonstrate Petitioner's actual innocence; and (2) the State violated Petitioner's right to due process and the *ex post facto* clause by retroactively eliminating his non-discretionary good time release credits pursuant to the Delaware Supreme Court's decision in *Evans v. State*, 872 A.2d 539 (Del. 2005) ("*Evans II*"). (D.I. 3 at 5, 7)

### III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B) or (C). To the extent Petitioner's reliance on *Evans II* in Claim Two should be construed as an attempt to trigger a later starting date for AEDPA's statute of limitations under § 2244(d)(1)(D), it is unavailing. Section 2244(d)(1)(D) provides that the limitations period begins on the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence. While the Delaware Supreme Court's decision in *Evans II* might provide the legal predicate for Claim Two, it does not constitute the factual predicate for Petitioner's argument because *Evans II* was not a decision rendered in his own litigation history that affected his legal status. *See Blizzard v. Deloy*, 855 F.Supp.2d 209, 212 (D. Del. 2012); *see also Haish v. LeBlanc*, 2006 WL 3692752, at *2 (E.D. La. Dec. 11, 2006). "If a state court clarifies or changes state law in a case in which the federal habeas petitioner was not a party, and that subsequent legal determination is deemed a 'factual predicate,' then 'factual' would be meaningless." *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005). Thus, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, Petitioner's judgment of conviction became final on August 13, 1990, ninety days after the Delaware Supreme Court affirmed Petitioner's conviction. However, since Petitioner's conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23, 1997.[1] *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004). In these circumstances, Petitioner had until April 23, 1997 to timely file his Petition.

Petitioner waited until November 8, 2014[2] to file the instant Petition, more than seventeen years after the expiration of the limitations period. Therefore, his habeas Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

---

[1]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this Circuit. In the present situation, however, Petitioner filed his Petition well-past either cut-off date, rendering the one-day difference immaterial.

[2]Pursuant to the prison mailbox rule, the Court adopts as the date of filing the date Petitioner certified giving the Petition to prison officials for mailing: November 8, 2014. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that is untimely under state law has no statutory tolling effect because it is not considered properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

In this case, the Rule 61 motion Petitioner filed in May 1993 does not have any statutory tolling effect, because it was filed before AEDPA's limitations period began to run in April 1996. The Rule 61 motions Petitioner filed in March 2001 and March 2013 also do not statutorily toll the limitations period, because: (1) they were untimely under state law and therefore not properly filed;[3] and (2) they were filed after the limitations period expired in April 1997. Accordingly, the Petition must be dismissed as time-barred, unless equitable tolling applies.

**B. Equitable Tolling**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some

---

[3] *See Payne*, 2001 WL 755347, at *1 (stating Petitioner's 2001 Rule 61 motion was untimely because it was filed more than three years after Petitioner's convictions became final); *see State v. Payne*, Case No. 880000107DI, Order, Streett, J. (Del. Super Ct. Apr. 23, 2013) (stating Petitioner's 2013 Rule 61 motion was time-barred under Rule 61(i)(1) because it was filed 22 years after his conviction became final).

5

extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahonoy*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

The Court liberally construes Petitioner's reliance on *Evans II* as an implicit argument that the limitations period should be equitably tolled through April 22, 2005, the date the Delaware Supreme Court denied re-argument in *Evans II*. As a general rule, a change in state substantive law does not constitute an extraordinary circumstance for equitable tolling purposes. *See Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) ("We have never held that a change in state substantive law constitutes an 'extraordinary circumstance' that warrants equitable tolling."). However, the Court will consider Petitioner's *Evans II* tolling argument because doing so will not affect the ultimate determination that the Petition is time-barred, and also because it would have been impossible for Petitioner to cite *Evans II* prior to the issuance of that decision.[4] For instance, using April 22, 2005 as the starting date for the limitations period results in a filing deadline of April 22, 2006. Inexplicably, Petitioner waited until February 19, 2013 to file the Rule 61 motion presenting his

---

[4] The Court limits its presumption that *Evans II* constitutes an extraordinary circumstance to this case.

6

*Evans II* argument and he waited until November 8, 2014 to file the instant Petition. Given the length of Petitioner's unexplained delay, the Court cannot conclude that Petitioner exercised the requisite "due diligence" to warrant equitably tolling the limitations period for any of the time that passed after April 22, 2006.

In addition, although the Court liberally construes Petitioner's reference (D.I. 4 at 1) to *Martinez v. Ryan*, 566 U.S. 1 (2012), as an argument that he is entitled to equitable tolling under *Martinez*,[5] that argument, too, is unavailing. In *Martinez*, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 17. However, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period. Finally, to the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

In short, even after tolling the limitations period in the manner implicitly suggested by Petitioner, the Petition was not timely filed. Accordingly, the Court will dismiss the instant Petition as time-barred.[6]

## IV. CERTIFICATE OF APPEALABILITY

---

[5] In *Martinez*, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel.

[6] Given this conclusion, the Court will not address the State's alternate reason for dismissing the Petition.

7

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.